## CARNS v. CALLISON.
### Patent Appeal No. 2793.

Court of Customs and Patent Appeals.
Nov. 27, 1931.

GARRETT, Associate Judge, dissenting.

Warren B. Hutchinson, of New York City (Hoguet & Neary, of New York City, of counsel), for appellant.

Redding, Greeley, O'Shea & Campbell, of New York City (Worthington Campbell, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, in an interference proceeding between the appellee, Callison, the senior party, and Carns, appellant, the junior party, and involves three counts which are claims filed in the application of Carns, and suggested to the party Callison. Carns moved to dissolve the interference on the ground that Callison did not disclose the subject-matter of the counts, which motion was denied by the Examiner of Interferences, and priority was awarded to Callison on an order to show cause, when Carns did not take testimony. The Board of Appeals affirmed the decision of the Examiner of Interferences in awarding priority to Callison.

Count 1, which is typical of the counts in interference, follows: "Count 1. A structure of the kind described comprising a fuselage having end doors, a bottomless chamber behind the doors, and a freight carrying container fitting the chamber of the fuselage and with the bottom of the container forming the bottom of the chambered part of the fuselage."

The alleged invention relates to aircraft construction and a freight-carrying container which is fitted into the framework of the aircraft so as to constitute a part of its fuselage.

The sole question in the case is whether Callison can make the counts in interference. If he can, it is conceded that, under the circumstances, we must affirm the decision of the Board of Appeals. In this court the argument narrowed down to a discussion as to whether Callison's structure meets that portion of the count which says "with the bottom of the container forming the bottom of the chambered part of the fuselage."

In the structure disclosed in the Carns' application is a container which forms the side walls and bottom of the fuselage. The walls and bottom of the container, when fastened to the aircraft, also form a part of the strengthening and bracing structure of the machine.

It is well understood in the aeroplane construction art that for an aeroplane to function there must be a bottom of the fuselage to permit the stream of air which passes underneath to give buoyancy to or lift the plane. It is also within common knowledge that straight uninterrupted stream lines on the sides and bottom are desirable and are more effective than interrupted lines.

Callison's disclosure shows a compartment, located in substantially the same place as that of Carns, into which is rolled a wheeled container, the sides of which container do not form the side walls of the fuselage. Small wheels on the bottom of the container move forward on narrow track bars which extend inwardly into the chamber from the side walls of the same. In Callison's disclosure, as in Carns' disclosure, there is no bottom to the chamber, and the bottom of the container serves the purpose that the bottom or underside of an aeroplane fuselage would serve. In Callison there is not a straight stream line on the bottom of the fuselage when the container is in the chamber, since, on account of the wheels, the bottom of the container is a short distance above the bottom of the side walls of the chamber.

We think Callison does disclose that the bottom of his container forms the bottom part of the fuselage. It may be, as was indicated by the Board of Appeals, that Carns' structure is superior inasmuch as it affords a straighter stream line than Callison's and is uninterrupted by anything that would interfere with the currents of air, but the inventive concept in this regard is the same in both applications.

We agree with the conclusion reached by the Board of Appeals and with all of the reasons assigned in reaching such conclusion, and its decision, affirming the action of the Examiner of Interferences, is affirmed.

Affirmed.

GARRETT, Associate Judge, dissents.